Harold WHORTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Aug. 21, 1979.

Terrence R. Fitzgerald, Chief Appellate Defender, Daniel T. Goyette, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, Ky., for appellee.

PALMORE, Chief Justice.

In *Whorton v. Commonwealth,* Ky., 570 S.W.2d 627 (1978), we reversed the judgments in this case on the ground and on the premise that under *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), Whorton's constitutional right of due process had been violated by the trial court's refusal to instruct the jury on the presumption of innocence. In *Kentucky v. Whorton,* —— U.S. ——, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979), the Supreme Court of the United States reversed that decision and remanded the case for further proceedings consistent with its opinion that this court's inquiry "should have been directed to a determination of whether the failure to give such an instruction in the present case deprived the respondent of Due Process of Law in light of the totality of the circumstances," which circumstances include, specifically, "all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors."

The opinion in *Kentucky v. Whorton* confirmed the fears expressed in *Whorton v. Commonwealth.* That is, the defendant's constitutional right to such an instruction actually does stand or fall on the circumstances of the individual trial. It is the rule of harmless error in reverse: If the failure to give the instruction would be harmless, the omission is not an error. Fortunately, anticipating the possibility of such a result and realizing the difficulty of living with it, this court, promptly after *Taylor v. Kentucky* came to its attention, amended RCr 9.56 to mandate the instruction in all cases when requested.

In our first opinion we held that it was an error to allow the jury to find Whorton guilty of wanton endangerment on the basis of his having fired a pistol-shot into the ceiling of Jerry's Restaurant. From the record this appears to have been Instruction No. XIII, under which the jury found him guilty and fixed his punishment at five years' imprisonment. To the extent that Whorton was adjudged guilty and sentenced in accordance with that particular verdict, the judgment must be reversed.

Having reviewed and considered the matters specified in *Kentucky v. Whorton,* we are of the opinion that in the light of the totality of the circumstances the trial court's refusal to instruct on the presumption of innocence did not prejudice or deprive Whorton of his due-process right to a fair trial.

To the extent that one of the judgments in this proceeding finds the appellant guilty of 1st-degree wanton endangerment pursuant to Count 14 of Indictment No. 157391 it is reversed with directions that the charge be dismissed. In all other respects the judgments are affirmed.

All concur.