**Theodore Condor TRULOCK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 4, 1981.

James T. Fitzgerald, Louisville, for appellant.

Stephen L. Beshear, Atty. Gen., R. Thomas Carter, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, GUDGEL and HOWERTON, JJ.

GUDGEL, Judge.

This is an appeal from a judgment entered by the Bullitt Circuit Court. Appellant was adjudged guilty of the offenses of receiving stolen property of the value of more than $100.00 and possession of a handgun by a convicted felon. He was sentenced to a prison term of five years. Appellant assigns five errors as grounds for reversal of the judgment below. We have concluded that appellant's third assignment of error has merit and reverse.

■ In his third assignment of error, appellant contends that the judgment must be reversed because a single attorney represented both him and his co-defendant at trial, and the record does not show that the trial court complied with RCr 8.30. Appellant first brought this issue to the attention of the trial court by a written motion for a new trial. The special judge who heard appellant's post-trial motions agreed that RCr 8.30 was not complied with but found that the rule was directory, not mandatory, and that since appellant had failed to show that he was prejudiced by the admitted failure to comply with the rule, his motion for a new trial on this ground should be denied. While we agree with the court that appellant was not prejudiced by the failure to comply with RCr 8.30, we cannot agree that the rule is merely directory, and that the admitted failure to comply with the rule does not require that his conviction be set aside.

The rule became effective on January 1, 1978, and states that no attorney *shall be permitted* to act as counsel for two persons charged with the same offense unless the judge of the court explains to the defendant the possibility of a conflict of interests on the part of the attorney representing him, and both defendants execute and enter in the record a statement that the possibility of a conflict of interests on the part of their attorney has been explained to them, and they nevertheless desire to be represented by the same attorney. We find nothing in the language of the rule which justifies a finding that it is directory. On the contrary, our examination of the language of the rule has convinced us that it was intended to impose an absolute duty on the trial court in cases where the defendant may be punished by a fine of more than $500.00 or by confinement, not to permit one attorney to represent two defendants charged with the same offense, unless the possibility of a conflict of interests has been explained to them and they have executed a written waiver of their right to separate counsel. In addition, we cannot say that the language of the rule vests the trial court with any discretion in complying with it or permits us to determine whether a failure to comply was harmless error. Therefore, we have concluded that appellant's conviction must be reversed even though the trial court's failure to comply with RCr 8.30 was not prejudicial.

■ We believe that the decision in *Whorton v. Commonwealth*, Ky., 585 S.W.2d 388 (1979), compels us to reach this

result. In that case our Supreme Court noted that it had amended RCr 9.56 for the express purpose of obviating the need to determine on a case by case basis whether a defendant has been denied due process as a result of a failure to give an instruction on the presumption of innocence, by *mandating* that such an instruction be given in all cases when requested. The obvious import of this statement is that our Supreme Court will view any failure to comply with RCr 9.56, if a request for compliance has been made, as an error requiring automatic reversal of a judgment of conviction even though the failure to give the instruction cannot be said to have denied the defendant due process in light of the totality of the circumstances of the particular case. We are convinced that RCr 8.30 embodies an identical intention.

We find no merit in the Commonwealth's assertions that the court's failure to comply with the rule does not require reversal of the judgment. One of these contentions, however, does deserve comment. The Commonwealth argues that the issue of separate counsel was not preserved for review. Admittedly, neither appellant nor his attorney raised the issue until after his trial. However, they were not required to do so because the rule does not impose such a duty on the defendant. On the contrary, the duty to comply with the rule is imposed solely on the trial court. Therefore, a defendant cannot be found to have waived the trial court's failure to comply with the rule.

In light of our decision, we need not address the merits of appellant's remaining contentions except to state that we are of the opinion that the evidence was sufficient to sustain his convictions for knowingly receiving stolen property and possession of a handgun.

The judgment appealed from is reversed and remanded, with directions to grant appellant a new trial consistent with this opinion.

All concur.

* This case was originally designated "Not to be Published." On Sept. 4, 1981 the Supreme Court ordered it published.