898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny SMITH, Petitioner-Appellee Cross-Appellant,
v.
Lloyd FLETCHER, Respondent-Appellant Cross-Appellee.
 Nos. 88-6326, 88-6422.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1990.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge*.
 PER CURIAM.
 
 
 1
 Respondent-appellant Lloyd Fletcher appeals, and petitioner-appellee Johnny Smith cross-appeals, the judgment of the district court granting in part and denying in part a writ of habeas corpus for petitioner Smith, pursuant to 28 U.S.C. Sec. 2254. For the reasons that follow, we affirm in part and remand in part.
 
 I.
 A.
 
 2
 Smith and five codefendants were named in a four-count indictment on December 17, 1979, and charged with participating in a number of burglaries that occurred in Barren County, Kentucky, in November 1979. Count I alleged the third-degree burglary of Raymond Buster's garage on the afternoon of November 15 or 16, 1979; Count II alleged the theft of hand tools in that burglary; Count III alleged the third-degree burglary of Buster's garage on the night of November 15 or 16, 1979; and Count IV alleged the theft of an electric welder and other tools in that burglary.
 
 
 3
 Smith and four codefendants were tried together before a jury on March 25 and 26, 1980, in Barren County Circuit Court. They were all represented by one attorney. The Kentucky Rules of Criminal Procedure provide that in a trial of multiple defendants, each defendant is entitled to separate counsel unless the trial judge explains the possibilities for conflicts of interest and each defendant waives his right to separate counsel. Ky.R.Crim.P. 8.30. The trial court did not advise the defendants as Rule 8.30 requires, nor did it secure waivers of the right to separate counsel from the defendants. Smith was convicted on all four counts, and the Kentucky Court of Appeals affirmed his conviction on November 10, 1981.
 
 
 4
 On February 17, 1982, Smith filed a Motion to Vacate Judgment, pursuant to Kentucky Rule of Criminal Procedure 11.42, which provides for motions to vacate, set aside or correct sentences. The trial court denied Smith's motion on February 18, 1982.
 
 
 5
 On May 3, 1983, one of Smith's codefendants, William Jackson, filed a motion to vacate based upon the trial court's failure to procure his waiver of his right to separate counsel pursuant to Rule 8.30. On May 10, 1983, the trial court granted Jackson's motion and vacated the judgment against him based upon Trulock v. Commonwealth, 620 S.W.2d 329 (Ky.App.1981), in which the Kentucky Court of Appeals held that noncompliance with Rule 8.30 constituted reversible error.
 
 
 6
 On May 18, 1983, Smith, pro se, filed a motion to vacate that was identical to Jackson's. The trial court did not act on the motion until nearly fifteen months later, when, on August 15, 1984, it appointed counsel to represent Smith. The trial court conducted an evidentiary hearing on Smith's motion on August 17, 1984.
 
 
 7
 During the fifteen months that Smith's motion was pending, the Kentucky Supreme Court overruled Trulock in Smith v. Commonwealth, 669 S.W.2d 527, 530 (Ky.1984). The court held that whether a trial court's noncompliance with Rule 8.30 constituted reversible error should be determined on a case-by-case basis. Id.
 
 
 8
 On September 24, 1984, relying upon Smith, the trial court denied Smith's motion to vacate. On February 11, 1985, Smith, by counsel, appealed the denial of his motion to vacate, but on February 7, 1986, the Kentucky Court of Appeals affirmed. Smith then moved for discretionary review by the Kentucky Supreme Court, but his motion was denied on May 13, 1986.
 
 
 9
 On May 24, 1988, Smith initiated this action by petitioning, pro se, for a writ of habeas corpus in the district court. Smith alleged grounds of (1) insufficient evidence to support his convictions on Counts III and IV, (2) ineffective assistance of counsel, and (3) denial of due process and equal protection, based upon the denial of his motion to vacate. The matter was referred to the magistrate, who recommended on September 8, 1988, that Smith's petition be granted in part, because his convictions on Counts III and IV were based upon insufficient evidence. The magistrate recommended denying Smith's petition in part, because his claim of ineffective assistance of counsel was meritless. The magistrate refused to consider Smith's due process and equal protection claims on the ground that challenges to state post-conviction proceedings are not subject to federal habeas review.
 
 
 10
 On October 20, 1988, the district court adopted the magistrate's report in its entirety. The district court issued a writ in favor of Smith and ordered that he "be released from custody to the extent that he is being held pursuant to his convictions of Counts 3 and 4 of the indictment." Warden Lloyd Fletcher filed a notice of appeal of the district court's judgment on November 18, 1988. Smith then filed a timely cross-appeal.
 
 B.
 
 11
 Smith was convicted based upon the testimony of two of his former accomplices, Ronny Childress and Danny Flowers. Childress testified that on November 13 or 14, 1979, he, Flowers and Smith drove in Smith's car to the residence of Raymond Buster, which included a farmhouse and a separate garage/outbuilding. Childress testified that he and Flowers got out of the car and walked around the farmhouse and garage, while Smith drove away. Childress entered the farmhouse, found nothing he deemed to be worth stealing, and left. He and Flowers walked back to the road, where Smith picked them up.
 
 
 12
 Childress testified that about an hour later, the trio returned to Buster's property. Smith drove off, and Childress and Flowers broke into the garage. They stole several hand tools and power tools, and then ran to the road, where Smith drove by and picked them up. Childress testified that after they drove away, he sold his share of the value of the stolen tools to Smith, and then got out of the car and did not see Smith or Flowers for the rest of the night. Childress further testified that he returned to Buster's garage later that night with three other individuals--but not Smith--and they stole an air compressor and other large tools from the garage.
 
 
 13
 Flowers testified that after he, Childress and Smith burglarized Buster's garage, he and Smith drove to another city, where they sold the stolen tools. He testified that he and Smith did not participate in the second burglary with Childress and the three other individuals.
 
 
 14
 The most significant difference in the two witnesses' testimony is that Childress testified that he, Flowers and Smith first drove to Buster's property at midday, and returned to burglarize the garage about an hour later. Flowers, on the other hand, testified that the three "[w]aited until it got dark" before they returned to burglarize Buster's garage.
 
 
 15
 The principal issues on appeal are whether the district court erred: (1) in concluding that the Commonwealth of Kentucky did not present evidence sufficient to support Smith's conviction on Counts III and IV; (2) in rejecting Smith's due process and equal protection argument as an unreviewable claim arising from a state post-conviction proceeding; and (3) in rejecting Smith's claim that he was denied the effective assistance of counsel at his trial.
 
 II.
 
 16
 "[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." Rose v. Clark, 478 U.S. 570, 576, (1986). "Where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." Id. at 579.
 
 A.
 
 17
 The magistrate interpreted Counts I and II of the indictment to pertain to the first burglary of Buster's garage, which the state's evidence shows was committed by Childress, Flowers and Smith. The magistrate interpreted Counts III and IV to pertain to the second burglary, which the state's evidence shows was committed by Childress and three other men later that night. The magistrate concluded that the state's evidence showed that Smith did not participate in the second burglary, and, therefore, the state had presented "insufficient evidence to convince a rational trier of fact that [Smith] is guilty of all the elements of the burglary and theft charged in Counts 3 & 4 of the indictment beyond a reasonable doubt." We agree.
 
 
 18
 On appeal, Fletcher argues that because Flowers' testimony placed the first burglary of Buster's garage as occurring "after dark," a rational trier of fact could find Smith guilty of participating in the second, nighttime burglary. This argument is meritless. Even if Flowers' testimony establishes the "element" of nighttime entry, the state's evidence fell far short of providing a rational trier of fact with a basis for concluding that Smith was guilty of all of the elements of the third-degree burglary and theft charged in Counts III and IV. The discrepancy between Childress' and Flowers' testimony pertains to the time of the first burglary; their testimony cannot be construed to prove that Smith participated in two burglaries of Buster's garage. Therefore, we agree with the magistrate and the district court that a writ should issue with respect to Counts III and IV of the indictment.
 
 B.
 
 19
 Smith's next argument focuses on the trial court's grant of Jackson's motion to vacate, based upon its noncompliance with Rule 8.30, and its denial of the identical motion that Smith filed eight days after Jackson's was granted. Smith insists that the denial of his identical motion deprived him of due process and equal protection. The magistrate concluded that the denial of Smith's motion was not subject to federal habeas review because of our decision in Kirby v. Dutton, 794 F.2d 245 (6th Cir.1986), wherein we held that claims based upon errors that allegedly occurred in state post-conviction proceedings are so unrelated to the legality of an inmate's detention that they may not be reviewed in a federal habeas action.
 
 
 20
 On appeal, Smith attempts to avoid Kirby by characterizing his claim as being based upon the trial court's failure to comply with Rule 8.30 at his trial. Yet Smith's petition and brief clearly state that the injury he seeks to address in his action is the disparate treatment of his and his codefendant's motions to vacate. The non-compliance with Rule 8.30 may have occurred at the trial level, but the disparate treatment that gives rise to Smith's claim of denial of due process and equal protection occurred in the state post-conviction proceeding.
 
 
 21
 We note that Smith does not argue that the trial court's failure to comply with Rule 8.30 was, in itself, constitutional error. Rather, he argues that the disparate treatment of "two [d]efendants in the same criminal proceeding makes a mockery of the notions of fundamental fairness implicit in the Fifth Amendment's Due Process clause." Petitioner's Brief at 7. Smith seems to argue that codefendants who suffer identical injuries at trial have a constitutional right to have their separate, post-conviction motions treated identically. This "right" does not exist. Thus, our review of Smith's petition, brief, oral argument and the substance of his claim leads us to conclude that it is based upon errors that allegedly occurred in the state post-conviction proceeding. Therefore, it is not subject to federal habeas review. Kirby, 794 F.2d at 246.
 
 C.
 
 22
 Smith also argued before the magistrate that he was denied the effective assistance of counsel at his trial. As examples of allegedly ineffective assistance, Smith pointed to his trial counsel's failure to seek a severance of his trial and to advise him of his rights pursuant to Kentucky Rule of Criminal Procedure 8.30. Smith also alleged that his trial counsel essentially sacrificed him to obtain more favorable treatment for the other four defendants whom counsel also represented at the trial. The magistrate dismissed these claims in a single sentence at the conclusion of his report, and the district court did not mention them in its order.
 
 
 23
 The record before us is inadequate to enable us to review Smith's claim of ineffective assistance of counsel. Nevertheless, it is undisputed that counsel failed to seek a severance of Smith's trial, and counsel also failed to advise Smith of his rights and options pursuant to Rule 8.30, which was an established and promulgated rule at the time of trial. Therefore, we REMAND this case for an evidentiary hearing on the issue of whether the assistance Smith received from his trial counsel was ineffective as defined by Strickland v. Washington, 466 U.S. 688 (1984).
 
 III.
 
 24
 Accordingly, for the foregoing reasons, the judgment of the district ocurt is AFFIRMED in part and REMANDED in part with the instructions that the district court conduct a hearing on Smith's claim of ineffective assistance of counsel.
 
 
 
 *
 Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation