Larry Wayne SMITH, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Terry SMITH, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Ronald SMITH, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

March 8, 1984.

Rehearing Denied in Nos. 83–SC–594–MR and 83–SC–595–MR June 14, 1984.

Paul Isaacs, Public Advocate, Frankfort, Linda K. West, Asst. Public Advocate, for appellants.

David L. Armstrong, Atty. Gen., Frankfort, Virgil W. Webb, III, Asst. Atty. Gen., for appellee.

## OPINION OF THE COURT

Appellants were convicted of first degree robbery in an armed robbery of an employee of a jewelry store in Clay County, the sum involved exceeding $28,000 in cash and jewelry. Terry Smith and Ronald Smith were each sentenced to 20 years in prison,

and Larry Smith was sentenced to ten years. Transfer to this court was granted in the latter case so the cases could be considered together.

The evidence was that on July 1, 1982, two employees had closed the jewelry store and were going to the bank with a bag filled with the day's receipts and certain jewelry, when a "small black car" pulled into the parking lot. One subject remained in the car and the other came over to the employees and effected the robbery with a gun. The face of the latter was entirely covered by something which "looked like a stocking." After the robbers left, one employee actuated the burglar alarm in the store and a state police detective arrived immediately.

Within 45 minutes, the detective located a black Datsun within a mile of the robbery, which had been pushed over an embankment and had gasoline poured over the interior. The officer found a brown silk scarf in the Datsun. The car was then towed to a wrecking yard for impoundment where, within a matter of minutes, the three appellants appeared demanding the keys to the Datsun, Terry Smith stating they wanted "to burn the car or destroy it." When the operator of the yard refused, one of the appellants threatened to subsequently use a gun and the operator indicated he would need time to secure the keys. The appellants left in the blue Oldsmobile they were operating, and the operator of the yard called the police.

Anticipating a return, a surveillance was established at the yard, which was rewarded when appellants reappeared, and Terry walked over to the Datsun. He was thereupon arrested, and another officer pursued the Oldsmobile, caught it, and arrested the other two appellants, Ronald and Larry. A pistol was found on Terry, and a search of the Oldsmobile disclosed a pair of handcuffs, a baseball cap, box of ammunition and a loose diamond.

Investigation located the owner of the black Datsun, who testified, in effect, that Terry and Ronald had taken her car from

her in Knoxville, Tennessee, on the day before the robbery; that she accompanied them to Kentucky as a "captive"; that Terry had told her, in the presence of Ronald, that the car was going to be used by them in a robbery; and that "he [Terry] had robbed this place before." She further testified that she had ridden in the light blue Oldsmobile and that the brown silk scarf found in the Datsun was in the Oldsmobile at the time, along with the handcuffs, two guns, and a loose diamond. The witness also testified that the baseball cap was one worn by Ronald.

■ The first error asserted by Terry and Ronald is that there was insufficient evidence against them to sustain a conviction. This is so patently farcical as to defy comment. The evidence, though circumstantial, was not only sufficient, it was overwhelming. The mere fact that the person robbed could not see through the mask or see a person in a distant car sufficiently for an identification does not lessen its enormity, nor does her failure to give the make and model of the "small black car."

■ Larry also complains of insufficient evidence for his conviction. In addition to the evidence outlined above, proof was entered that Larry was seen in the jewelry store at noon on the day of the robbery and was seen in the area near the jewelry store, and near where the Datsun was abandoned, at about the time of the robbery, driving another vehicle and asking if anyone had "seen the law in that vicinity." The speed with which the three appellants arrived at the point of impoundment in a joint effort to destroy the Datsun and the presence of Larry in a capacity which could readily be construed as a lookout clearly point to assistance by Larry in the scheme, and was sufficient under all these facts to submit to a jury the question of guilt.

■ Terry and Ronald next argue that reference to other crimes—to-wit, taking the Datsun and holding its owner captive—constituted prejudicial admission of evidence of other crimes. This is also absurd and was well disposed of in *Smith v. Com-*

*monwealth,* Ky., 366 S.W.2d 902, 906 (1963):

> Appellant complains that such evidence is violative of the rule prohibiting evidence of the commission of other crimes by the accused. Of equal application to the rule insisted on by appellant is the rule that all evidence which is pertinent to the issue and tends to prove the crime charged against the accused is admissible, although it may also prove or tend to prove the commission of other crimes by him or to establish collateral facts. The fact that it may tend to prejudice the accused in the minds of the jurors is not grounds for its exclusion. The evidence complained of was competent because it tended to establish accused's possession ... and showed a plan or purpose of using it to obtain money by force.

■ Ronald then complains that the admission into evidence of Terry's statement that he and Ronald were going to use the black Datsun constituted reversible error as hearsay evidence. This is also without merit. It should be recalled that the statement was made in the presence of the defendant, and it was not a confession or accusation made after the commission of a crime. It was, quite simply, a collateral fact which tended to show motive, intent or design. Cf. *Davis v. Commonwealth,* Ky., 555 S.W.2d 575 (1977), and *Leigh v. Commonwealth,* Ky., 481 S.W.2d 75 (1972). Clearly this evidence was admissible.

■ Larry also complains of the admission into evidence of this statement, which was made out of his presence. However, the court properly admonished the jury that it could not consider the statement against Larry. It should also be noted that the statement did not mention Larry in any manner, nor did it incriminate him in any way. If anything, it showed that two other persons intended to commit the crime. Larry relies upon *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which does not apply under the circumstances.

■ Also, with respect to Larry, we do not find any abuse of discretion in denial of his motion for a separate trial.

■ Of principal consideration in this case is the error asserted by Terry Smith and Ronald Smith that the same Public Advocate represented both of them in contravention of RCr 8.30(1), which reads:

(1) If the crime of which the defendant is charged is punishable by a fine of more than $500, or by confinement, no attorney shall be permitted at any stage of the proceedings to act as counsel for him while at the same time .engaged as counsel for another person or persons accused of the same offense or offenses arising out of the same incident or series of related incidents unless (a) the judge of the court in which the proceeding is being held explains to the defendant or defendants the possibility of a conflict of interest on the part of the attorney in that what may seem to be in the best interests of one client may not be in the best interests of another, and (b) each defendant in the proceeding executes and causes to be entered in the record a statement that the possibility of a conflict of interest has been explained to him by the court and that he nevertheless desires to be represented by the same attorney.

The record fails to disclose compliance with the Rule. Nor does it show the error was properly preserved for appellate review, or any possible prejudice resulting from the joint representation. Upon examination of the record we find no conflict between the interests of Terry and Ronald and find that both were competently represented.

We are aware that the Court of Appeals in *Trulock v. Commonwealth*, Ky.App., 620 S.W.2d 329 (1981), held that RCr 8.30 is mandatory and that failure to comply with it may never be harmless error. However, this Court has repeatedly held that failure to appoint separate counsel for codefendants is reversible error only when there is a conflict of interest between the defendants. *Mishler v. Commonwealth*, Ky., 556 S.W.2d 676 (1977); *Self v. Commonwealth*, Ky., 550 S.W.2d 509 (1977); *Ware v. Commonwealth*, Ky., 537 S.W.2d 174 (1976). In addition, the decision of the Court of Appeals was based upon a belief that RCr 8.30 like RCr 9.56 (instruction on the presumption of innocence) was designed to eliminate a case by case determination of harmless error. In *Carver v. Commonwealth*, Ky., 634 S.W.2d 418 (1982), this Court stated that failure to comply with RCr 9.56 could be harmless error. Thus the reasoning of the Court of Appeals in *Trulock* was unsound. We overrule the holding in *Trulock* on this point.

The judgments of the lower court against Larry Wayne Smith, Terry Smith and Ronald Smith are affirmed.

STEPHENS, C.J., and LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

GANT and STEPHENSON, JJ., dissent.

GANT, J., files a dissenting opinion in which STEPHENSON, J., joins.

AKER, J., did not sit.

GANT, Justice, dissenting.

It is my opinion that the majority is clearly wrong and that the case of *Trulock v. Commonwealth*, supra, should be affirmed in toto. I would adopt the selected language used in that opinion, to-wit:

... we cannot say that the language of the rule vests the trial court with any discretion in complying with it or permits us to determine whether a failure to comply was harmless error.... The Commonwealth argues that the issue of separate counsel was not preserved for review. Admittedly, neither appellant nor his attorney raised the issue until after his trial. However, they were not required to do so because the rule does not impose such a duty on the defendant. On the contrary, the duty to comply with the rule is imposed solely on the trial court. Therefore, a defendant cannot be found to have waived the trial court's failure to comply with the rule.

The reliance by the majority upon *Mishler v. Commonwealth,* supra; *Self v. Commonwealth,* supra; and *Ware v. Commonwealth,* supra, is misplaced as each of those cases was decided before the adoption of RCr 8.30.

I would reverse the convictions of Terry Smith and Ronald Smith and remand for a new trial by a separate counsel unless written waiver is secured pursuant to RCr 8.30.

STEPHENSON, J., joins in this dissent.