COMMONWEALTH of
Kentucky, Movant,

v.

Billy HOLDER, Respondent.

and

COMMONWEALTH of
Kentucky, Movant,

v.

Jerry BROWN and Finley
Martin, Respondents.

Supreme Court of Kentucky.

Jan. 16, 1986.

As Modified on Denial of Rehearing
April 10, 1986.

David L. Armstrong, Atty. Gen., K. Gail Leeco, Lloyd C. Vest, Asst. Attys. Gen., Frankfort, for movant.

Robert J.W. Howell, Appellate Public Advocate, Covington, for respondent holder.

G. Patrick Thompson, Brandenburg, for respondents Brown and Martin.

VANCE, Justice.

The question on appeal is the validity of a conviction of three defendants accused of the same offense and represented at trial by the same counsel when the trial judge failed to comply with RCr 8.30.

RCr 8.30(1) provides:

"(1) If the crime of which the defendant is charged is punishable by a fine of more than $500, or by confinement, no attorney shall be permitted at any stage of the proceedings to act as counsel for him while at the same time engaged as counsel for another person or persons

accused of the same offense or of offenses arising out of the same incident or series of related incidents unless (a) the judge of the court in which the proceeding is being held explains to the defendant or defendants the possibility of a conflict of interests on the part of the attorney in that what may be or seem to be the best interests of one client may not be to the best interests of another, and (b) each defendant in the proceeding executes and causes to be entered in the record a statement that the possibility of a conflict of interests on the part of the attorney has been explained to him by the court and that he nevertheless desires to be represented by the same attorney."

The respondents, Holder, Brown, and Martin were convicted of burglary and theft arising out of the unlawful entry of a building on the James Hall property, and the taking of personal property therefrom. Each defendant was sentenced to four years on each of the two counts.

At trial each of the three defendants was represented by the same counsel. The trial judge did not comply with RCr 8.30(1) in that he did not explain to the respondents the possibility that a conflict of interest might arise, and he did not secure a statement from each defendant that despite the possibility of conflict, each respondent desired to be represented by the same attorney.

In *Trulock v. Commonwealth*, Ky.App., 620 S.W.2d 329 (1981), the Court of Appeals held that RCr 8.30 was designed to eliminate a case by case determination of prejudice arising from failure to comply with RCr 8.30 and that compliance with the rule was mandatory.

■ *Trulock* was overruled by this court in *Smith v. Commonwealth*, Ky., 669 S.W.2d 527 (1984), a case in which we said that the record failed to disclose any possible prejudice resulting from the joint representation. In *Smith, supra,* we followed the long-established rule that this court does not reverse for harmless error. RCr 9.24. Certainly the failure to comply with

RCr 8.30 is harmless error when the record does not show even a possibility of prejudice resulting from joint representation of the accused.

In this case, however, there is a possibility, perhaps even a likelihood, of prejudice to respondents from the joint representation.

The respondent Holder gave out-of-court statements which admitted his guilt and also implicated the other defendants. Separate counsel would likely have explored the potential for a plea bargain for Holder based upon his plea of guilty and his agreement to testify against the other two respondents, whereas counsel in a joint representation of all three respondents could not ethically seek advantage for one at the expense of the other two.

■ The respondents Brown and Martin claimed they were riding in an automobile and picked up Holder on the roadside, that they did not know he had stolen property in his possession, and that they had nothing to do with the theft. As such, their version of the events was diametrically opposed to the version given by Holder in his out-of-court confession. There is a built-in conflict of interest between defendants who are being tried jointly when one of them incriminates others who maintain their complete innocence.

Apparently trial counsel believed that Holder would repudiate a portion of his confession and would exonerate the other two respondents at trial. That strategy backfired when it came to light that, unknown to counsel, police officers would testify that respondent Brown had also given an incriminating oral out-of-court statement, and when Holder stated to the court that his original confession implicating the other respondents was true.

At the conclusion of all the evidence, counsel for respondents made the following statement:

"(At this point the Court and counsel for all parties retired to the Court's chambers where the following proceedings were had.)

"MR. ROWLAND: At this time I would like to renew my motion for a directed verdict on the same grounds as stated at the close of the evidence for the Commonwealth.

"THE COURT: Overruled.

"MR. ROWLAND: I would like the record to show that, based on my investigation and preparations going into this trial I have preserved all conflicts of interest between the defendants in that the defendant, Billy Holder, had given a reported confession implicating all of the other defendants and, to the best of my knowledge, no other statements were given. However, I have learned, just by going into the trial, that there were some alleged statements given by the defendant, Jerry Brown, which cannot point the finger, so to speak, at Billy Holder, and that the testimony of the defendants Finley Martin and Jerry Brown do not necessarily put the blame on Billy Holder but they at least placed the tools in his possession. I perceived that the danger in calling Billy Holder to testify would be as follows: That if he were called to testify that would open it up for the Commonwealth to cross-examine him regarding his alleged confession which implicated all of the other defendants and, furthermore, would further implicate him because he could be cross-examined as to his own involvement.

"The conflict arose when I discovered that there would be an alleged statement by Jerry Brown introduced as evidence and there was never any waiver of dual representation entered into the record and that based on my conversation with Billy Holder he stated that his testimony would clear the other two defendants."

■ The Commonwealth contends counsel did not timely preserve the issue for review. The requirements of RCr 8.30 are specific and are relatively easy to comply with. RCr 8.30 places a duty of compliance squarely upon the trial judge. Our decision in *Smith v. Commonwealth, supra,* did not lessen the duty of a trial court to comply with the rule. It simply declined to reverse the conviction when there was no possibility of prejudice resulting from the failure to comply.

When, as here, the trial court failed to comply with the simple requirements of RCr 8.30 and when, as here, the record demonstrates a conflict of interest between the respondents which could well have prejudiced the disposition of their cases, the judgment of conviction must be set aside.

The Court of Appeals reversed the convictions, and we affirm the decision of the Court of Appeals.

STEPHENS, C.J., and VANCE, GANT, AKER, and LEIBSON, JJ., concur.

STEPHENSON, J., concurs in the result only.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because there is no prejudice to any of the defendants arising from the failure to comply with RCr 8.30. Consequently, there is no reversible error.

*Smith v. Commonwealth,* Ky., 669 S.W.2d 527 (1984), establishes what must be demonstrated in order to obtain a reversal based on a claim of improper joint representation. Holder did not suffer any prejudice resulting from the joint representation. He confessed to the crime. At the pretrial hearing on the motion to suppress the confession, he told the court; the prosecution and defense that his confession was the truth. His confessions were corroborated by the facts of the burglary, the footprints leading from the scene to the dump, the tool boxes, hedge trimmer and clippers found in the freezer. Evidence against all the defendants was so overwhelming that the prosecutor opted against using the testimony of the juvenile co-conspirator because defense counsel stated he would have a conflict if the juvenile testified.

Even in the defense counsel's belated argument and motion for a new trial, no conflict of interest was perceived, however,

until he learned of Brown's oral confession. The confession by Brown is no more prejudicial to Holder than his own confession which he has acknowledged as the truth. Brown cannot argue prejudice over his own confession. The fact that one defendant has implicated another does not create a situation of automatic reversal.

Any problems relating to the totality of circumstances, did not arise because of the joint representation.

Defense counsel never provided the trial judge with any adequate notice of potential conflicts until the very end of the trial. Defense counsel has an ethical obligation to advise the trial judge promptly when any conflict of interest arises during the course of the trial. *Cuylver v. Sullivan*, 446 U.S. 335, 345, 347, 100 S.Ct. 1708, 1716, 1717, 64 L.Ed.2d 333, 345, 346 (1980). The trial judge is not required to initiate his own inquiry unless he knows or reasonably could know that a particular conflict exists.

Defense counsel had a fair opportunity to examine any possible conflicts of interest prior to trial as shown by his comments regarding a potential conflict if his juvenile client testified. His failure to raise the issue on the record prior to trial allowed the trial judge to assume that there was no conflict. In my view, the defense waived any objection, pursuant to RCr 8.30, by failing to make a timely motion before the trial judge instead of waiting to do so at the end of the trial in a motion for a new trial. The defense is in the best position to know if there is a conflict or a possible conflict resulting from the representation of multiple defendants. This should be brought to the trial judge's attention immediately.

The defendants were ably and competently represented. The joint representation did not hinder the defense from attempting to suppress the evidence from the freezer, the confession of Holder and the confession of Brown. Brown's oral confession was identical or very similar to Holder's written confession which defense counsel was already well aware of.

There was no reversible error and I would affirm the convictions.