Daniel Franklin WADE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Nov. 26, 1986.

Rehearing Denied March 12, 1987.

John M. Bailey, Louisville, for appellant.

David L. Armstrong, Atty. Gen. and Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

Appellant was convicted of first-degree robbery and sentenced to 20 years imprisonment. He was originally indicted for both murder and robbery, but the jury was unable to agree on the murder charge.

On April 18, 1984, the victim, one Kurt Reeves, was discharged from the army and received $1,180 in severance pay. His body was found later that day at the Beecher Terrace house project in Louisville, near his empty wallet, with a few cents on his person. A co-indictee, Antonio Ray, who plead guilty to facilitation to robbery, and was given a probated sentence, testified that he had procured a gun for the appellant and furnished it to him for the purpose of committing this robbery. This witness had numerous talents, among which was a modus operandi of luring victims into housing projects under the pretense of purchasing drugs and then forcibly robbing them. Ray testified that the appellant was supposedly helping the victim obtain marijuana. An eyewitness at the scene testified that he saw a man whom he later identified as the appellant chase the victim down and shoot at him.

■ Three questions are raised on this appeal, the first being a contention that there was insufficient evidence to withstand a motion for a directed verdict on the robbery charge. The principal basis for that motion was that there was no direct testimony that any witness had seen the appellant remove any money from the wallet or person of the victim. The evidence seemed to indicate that the victim's wallet was taken from the body by scavengers at the scene after the appellant shot him rather than by the appellant; that the appellant aborted the theft attempt before robbing the body. The robbery statute requires only the use of force "in the course of committing theft" and "with intent to accomplish the theft." KRS 515.020(1). It does not require a *completed* theft. Commentary (1974) to KRS 515.020. *Lamb v. Commonwealth*, Ky.App., 599 S.W.2d 462 (1979). There was ample evidence to prove that the appellant was engaged in the act of committing a theft when he shot the victim sufficient to submit the first-degree robbery charge to the jury. Whether the appellant completed the theft or aborted the theft is not critical.

■ A second point raised by the appellant was the refusal of the court to permit testimony of one Terry Seabrooks. We have examined the avowal of the evidence which that witness would have given had he been permitted to testify and find that he was not qualified as an expert on any subject, that his acquaintance with the defendant was of a temporary nature and his evidence was so filled with conjecture and speculation that it had no merit. It is the opinion of this Court that the evidence was properly excluded. *See Galbraith v. Winn*, Ky., 459 S.W.2d 153 (1970), and *Woods v. Commonwealth*, Ky., 305 S.W.2d 935 (1957).

The jury selection argument made by the appellant herein is likewise without merit.

The principal issue presented is whether the prosecutor's cross-examination of the appellant should be classified as comment on post-arrest silence or as an attempt at impeachment by proof of a prior inconsistent statement. A statement may be contradictory because of what it leaves out as well as because of what it says.

■ A statement voluntarily given to the police, oral or written, in which the suspect offers an alibi or explanation which tends to exonerate him, does not enjoy constitutional protection against self-incrimination because it is a waiver of the right to

remain silent as to the subject matter of the statement. Even though it is self-serving, to the extent that the defendant on trial later embellishes his testimony in court with additional details to bolster his alibi or explanation, cross-examination bringing out the difference between the two statements should be classified as impeachment, *not* comment on the accused's right to remain silent.

In this case the defendant, after learning that there was a warrant out for his arrest on charges of robbery and murder, voluntarily turned himself in and offered a statement in which he accounted for his time. Thus he waived his right to remain silent and gave a self-serving statement which he later embellished at trial with more "facts" that would be helpful to his case. However, *after* he had told the police a story that could avert their suspicions, when the police asked him to tape record his statement, he had then invoked his right to remain silent. At trial the prosecutor did not comment on this later silence, but on cross-examination (and later in argument) alluded to the fact that the appellant had left out important matters of substance when he first elected to make a statement to the police. The fact that he left out certain matters implicitly discredited his story in his later testimony at trial in the same manner an explicitly contradictory statement would have done.

The controlling case on the point at issue is *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222, 225 (1980). In *Anderson,* as in the present case, the defendant on trial had made an earlier statement explaining his actions, which he then embellished with additional exonerating details when he testified at trial. The prosecutor then questioned him as to why he "didn't come forward and tell anybody at the time [he was] arrested, where [he] got the car."

The United States Supreme Court held that the cross-examination, taken as a whole, was not a comment on the defendant's exercise of his right to remain silent, and was not designed to draw meaning from silence, but rather had as its purpose "to elicit an explanation for a prior inconsistent statement." The court distinguished the earlier case of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), which prohibited impeachment based on a defendant's silence following *Miranda* warnings, pointing out the difference between refusing to make a statement when arrested and making a statement which differs from or leaves out important details. The *Anderson* court states:

"Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all." 447 U.S. at 408, 100 S.Ct. at 2182.

█ The record in the present case does not show that the prosecutor commented improperly on the appellant's post-arrest silence. His cross-examination was directed to the oral statement made by the accused *before* he invoked his right to remain silent. The record shows that it was the appellant, not the prosecutor, who first injected into his testimony the fact that he had refused to make any further statement when the police "pulled out a tape player," and that the appellant did this in an answer that was unresponsive to the prosecutor's question. To the extent that there was further testimony regarding the events that took place when the tape recorder was produced, this subject was both introduced and expanded upon by the appellant's choice.

The judgment is affirmed.

STEPHENS, C.J., and LEIBSON, STEPHENSON, VANCE, WHITE and WINTERSHEIMER, JJ., concur.

GANT, J., dissents.