Millard CONN, Movant,

v.

COMMONWEALTH of
Kentucky, Respondent.

No. 89–SC–605–DG.

Supreme Court of Kentucky.

June 28, 1990.

Ken Taylor, Daugherty, Thomas and Taylor, Nicholasville, for movant.

Frederic J. Cowan, Atty. Gen., Jeffrey L. Mackin, Asst. Atty. Gen., Frankfort, for respondent.

STEPHENS, Chief Justice.

Movant and two codefendants were tried and convicted of the felony offense of theft by unlawful taking. At trial, the same attorney represented all three defendants. Movant was sentenced to three years in prison, and his codefendants were sentenced to one year each. The Court of Appeals affirmed movant's conviction, and we granted discretionary review.

Movant's sole contention is that reversible error occurred because the trial judge failed to comply with RCr 8.30(1). RCr 8.30(1) states:

"(1) If the crime of which the defendant is charged is punishable by a fine of more than $500, or by confinement, no attorney shall be permitted at any stage of the proceedings to act as counsel for him while at the same time engaged as counsel for another person or persons

accused of the same offense or of offenses arising out of the same incident or series of related incidents unless (a) the judge of the court in which the proceeding is being held explains to the defendant or defendants the possibility of a conflict of interests on the part of the attorney in that what may be or seem to [be in] the best interests of one client may not be to the best interests of another, and (b) each defendant in the proceeding executes and causes to be entered in the record a statement that the possibility of a conflict of interests on the part of the attorney has been explained to him by the court and that he nevertheless desires to be represented by the same attorney."

The trial judge did not comply with RCr 8.30(1) because he did not explain to the defendants the possibility that a conflict of interest might arise, and because no waiver of separate representation was entered into the record. The question, then, is whether this violation of the rule was harmless error. See *Smith v. Commonwealth*, Ky., 669 S.W.2d 527 (1984). The standard that must be used to answer this question is set forth in *Commonwealth v. Holder*, Ky., 705 S.W.2d 907 (1986).

■ *Holder* states that the failure to comply with RCr 8.30 is harmless error "when the record does not show even a possibility of prejudice resulting from joint representation of the accused." *Holder*, 705 S.W.2d at 908. Because the record does not reveal a "possibility of prejudice" to the movant from the joint representation during the guilt/innocence phase of his trial, but does show such a possibility during the sentencing phase, we affirm movant's conviction, but reverse his sentence and remand for resentencing.

We first turn our attention to the guilt/innocence phase of the trial. This case is easily distinguishable from *Holder*, *supra*, which movant cites in support of his position. *Holder* involved a classic conflict of interest scenario. One defendant gave out-of-court statements admitting his guilt and implicating his codefendants. The codefendants, on the other hand, maintained their complete innocence. The Court in *Holder* found that the failure to comply with RCr 8.30 was reversible error. *Holder*, 705 S.W.2d at 909.

The case at bar did not involve such antagonistic defenses. All of the defendants denied that any theft had occurred and offered virtually identical testimony. There was no "built-in" conflict of interest as found in *Holder*.

The movant argues that separate counsel in this case might have been in a position to better advise him about entering into a plea bargain. As stated above, *Holder* directs that a possibility of prejudice must be demonstrated *on the record*. Nothing in this record shows that the movant would have pled guilty or entered into a plea bargain if separate counsel had been appointed. This Court is unwilling to engage in the speculation urged on us by the movant. We find that the record fails to demonstrate even a possibility of prejudice as a result of joint representation of the movant during the guilt/innocence portion of his trial. The trial judge's failure to comply with RCr 8.30(1) at this stage was harmless error.

■ The same cannot be said of the sentencing phase. The record shows that the movant was not present at the sentencing hearing. Defense counsel, who represented all three defendants, argued the case for mitigation. He said that the movant's co-defendants were family men who had not been in much trouble. Then, with regard to the movant he told the jury:

"I really don't want to say anything about Millard [the movant]. He is not here, and I don't want to prejudice his rights by speaking against him, but I don't know what his intentions are. These two gentlemen are here. They are here to face their sentence. I think that says something about their character."

The jury was given no further information about the reason for movant's absence, and no reason appears in the record. The jury sentenced movant to a three-year prison term, and the codefendants to one year each.

We believe that the comments of defense counsel during sentencing created a possibility of prejudice to the movant. The Commonwealth cites a case from another jurisdiction, *Boehmer v. United States*, 414 F.Supp. 766 (E.D.Pa.1976), for the proposition that the "mere fact that the jury recommended three years for [movant] and one each for [his codefendants] is insufficient to establish a conflict." We note that *Boehmer* concerned a charge of ineffective assistance of counsel and did not involve a rule of criminal procedure comparable to the one that is the crux of the case at bar. Further, Commonwealth's argument appears to be undercut by a portion of the *Boehmer* opinion that warns of the danger of conflict from joint representation in situations where defense counsel proceeds in court in a manner that "mitigated the severity of the sentence meted out to one defendant by playing him against or contrasting him with a codefendant." *Boehmer*, 414 F.Supp. at 771.

Thus we hold that the record shows at the least a possibility of prejudice to the movant as a result of joint representation during the sentencing hearing.

The Commonwealth contends that defense counsel did not timely preserve the issue in this case. However, RCr 8.30, as interpreted in *Holder*, does not impose such a duty on defense counsel. In *Holder* we said that "[t]he requirements of RCr 8.30 are specific and are relatively easy to comply with. RCr 8.30 places a duty of compliance squarely upon the trial judge." *Holder*, 705 S.W.2d at 909. This Court in *Holder* reviewed the RCr 8.30 error, despite the Commonwealth's contention that it was not preserved.

There is another reason why it is appropriate to place the duty of compliance with RCr 8.30 on the trial judge. By so allocating the burden, the rule places the judge in the role of protector, to ensure that a client's desires are carried out, especially when his or her defense attorney is not totally disinterested.

We affirm movant's conviction, but reverse his sentence and remand this case to Floyd Circuit Court for resentencing.

All concur.