Charles Michael KIRKLAND,
Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Preston Elliott McKee, Appellant,

v.

Commonwealth of Kentucky, Appellee.

Nos. 1998–SC–0934–MR,
1998–SC–0935–MR.

Supreme Court of Kentucky.

May 24, 2001.

As Modified on Denial of Rehearing
Sept. 27, 2001.

Thomas L. Conn, Lexington, Counsel for Appellant Kirkland.

Karen Maurer, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant McKee.

Albert B. Chandler III, Attorney General, Gregory C. Fuchs, Assistant Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

WINTERSHEIMER, Justice.

These appeals are from a judgment based on a jury verdict which convicted Kirkland and McKee of murder and robbery in the first degree after a joint trial. Kirkland was sentenced to life without parole for 25 years on the murder charge and a concurrent sentence of 25 years on the robbery charge. McKee was sentenced to 25 years on the murder charge and 20 years on the robbery charge to run consecutively for a total of 45 years.

The principal issue is whether it was reversible error for the trial judge not to instruct McKee of a possible conflict of interest. Other questions raised by McKee are whether the trial judge should have granted a request for mistrial based on prosecutorial misconduct and whether it was error to overrule a request for jury instructions on attempted robbery.

Kirkland questions whether it was improper not to direct a verdict on the first degree robbery charge and whether expert testimony about rehabilitation in an institutional setting was improperly excluded.

Kirkland and McKee entered a Lexington liquor store intending to rob the owner. Both defendants knew the owner kept a pistol behind the counter. McKee, unarmed, entered first, while Kirkland, armed with a 9 millimeter handgun, followed. The store surveillance camera showed that as McKee ran around the counter presumably to obtain money from the cash register, Kirkland fired a shot which passed through the cash register and struck the owner. Both Kirkland and McKee fled the store without taking any money. The owner died from his wounds. After being questioned by police, McKee confessed and Kirkland made various inconsistent statements to the police.

At trial, Kirkland testified in his own defense and admitted he was the shooter, but claimed that the shooting was accidental. He admitted that he had previously told others that the victim was shot when he went for his gun. He also testified that McKee had hollered "gun" right before the fatal shot was fired. McKee did not testify. A jury determined that both Kirkland and McKee were guilty of murder and robbery in the first degree and sentenced Kirkland to life without parole for 25 years on the murder charge, and a concurrent sentence of 25 years on the robbery charge

and sentenced McKee to 25 years on the murder charge and 20 years on the robbery charge to run consecutively. This appeal followed.

## I. Conflict of Interest

■ McKee argues that the trial judge committed reversible error when she did not instruct him about a possible conflict of interest because his counsel and Kirkland's attorney were both employed by the Fayette County Legal Aid, Inc.

RCr 8.30(1) prohibits dual representation of persons charged with the same offenses unless:

(a) the judge of the court in which the proceeding is being held explains to the defendant or defendants the possibility of a conflict of interest on the part of the attorney in that what may be or seem to be in the best interests of one client may not be in the best interests of another, and

(b) each defendant in the proceeding executes and causes to be entered in the record a statement that the possibility of a conflict of interests on the part of the attorney has been explained to the defendant by the court and that the defendant nevertheless desires to be represented by the same attorney.

In *Peyton v. Commonwealth*, Ky., 931 S.W.2d 451 (1996), a majority of this Court held that "Noncompliance with the provisions of RCr 8.30 is presumptively prejudicial and warrants reversal." The majority acknowledged that prior to *Peyton, supra,* a defendant needed to show that a real conflict of interest existed. In so holding, the majority overruled a line of cases that stood for the proposition that a violation of RCr 8.30 simply opened the door for a case-by-case evaluation to determine whether a defendant had in fact been prejudiced by such a violation. *See Conn v. Commonwealth,* Ky, 791 S.W.2d 723

(1990); *Smith v. Commonwealth,* Ky., 669 S.W.2d 527 (1984). *Peyton* also reinstated the Court of Appeals decision in *Trulock v. Commonwealth,* Ky.App., 620 S.W.2d 329 (1981), so as to eliminate the necessity to preserve the issue by defense objection. *Trulock, supra,* held that objection was not required because the rule does not impose such a duty on the defendant, but on the contrary the duty to comply with the rule is imposed solely on the trial judge.

On appeal, McKee raises the issue of conflict in representation, but Kirkland does not. As to McKee, the record does not contain an executed copy of a waiver of dual representation as authorized by RCr 8.30. However, Kirkland did execute such a waiver.

The narrow issue before this Court is whether there is a presumption of a conflict of interest when an RCr 8.30 waiver is not executed and each defendant has his or her attorney, but those two attorneys work for the same legal aid or public defender's office. We find no case precedent in Kentucky answering this question where there are two different attorneys from the same legal aid or public defender's office, who represent two different defendants in a joint trial, and one of those defendants is not advised by the trial judge about a potential conflict, that the defendant's conviction must automatically be reversed. It must be remembered that the question of conflict of interest was not asserted by either defendant at trial.

We find the decision of the United States Supreme Court in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), instructive when it determined in a federal habeas corpus case that actual, as distinguished from potential, conflict of interest was necessary in order to afford any relief. That court has recognized, in regard to multiple represen-

tations, that defense counsel has an ethical obligation to advise the trial judge of conflicts of interest, and if defense counsel does not so advise the court, the court may assume, absent "special circumstances" that none exists. *Sullivan, supra,* also indicated that a defendant must show an actual conflict of interest adversely affected the performance of his lawyer. *See also, Spinks v. McBride,* 858 F.Supp. 865, (N.D.Ind.1994). Similar decisions may be found in *State v. Webb,* 790 P.2d 65 (Utah Ct.App.1990); *Averhart v. State,* 470 N.E.2d 666, (Ind.1984); *State v. Bell,* 90 N.J. 163, 447 A.2d 525 (1982); *People v. Freeman,* 60 Ill.App.3d 794, 17 Ill.Dec. 917, 377 N.E.2d 107 (1978). *Childress v. State,* 322 Ark. 127, 907 S.W.2d 718 (1995); *People v. Christian,* 41 Cal.App.4th 986, 48 Cal.Rptr.2d 867 (1996).

In this case, the record shows that each defense counsel represented the client's interest in a very vigorous and professional manner. The record indicates that no antagonistic defenses were compromised. Kirkland admitted that he was the shooter and his testimony as to McKee's involvement consisted of nothing more than what McKee had already told his girlfriend and confessed to police, that he had accompanied Kirkland into the liquor store. Kirkland never contended that McKee was the one who shot the victim. Here, the record supports the clear conclusion that no claim of conflict of interest arose at trial and none is identified on appeal because no such conflict of interest ever actually existed. No actual conflict of interest has been claimed and no resultant prejudice has been identified.

The bright line rule established in *Peyton, supra,* "replaces the proper and thoughtful exercise by the trial court of discretion based on contemporaneous or on-the-spot supervision of the legal situation with a kind of automatic robotic system handed down from on high." *Id.* at 456. (Wintersheimer, J., dissenting). This case illustrates the importance of analyzing individual situations on a case-by-case basis. A violation of RCr 8.30, or as in this case, a questionable violation, which does not result in any prejudice to the defendant, should not mandate automatic reversal. Such a result defies logic and ignores the principles of judicial economy.

Consequently, under circumstances where each defendant was represented not by a single firm or single attorney, but by two individually assigned public defenders, and where no conflict or prejudice is claimed, a nonprejudicial or harmless error analysis can be applied. Thus, the failure of the circuit judge to comply with RCr 8.30(1) was harmless or nonprejudicial error. Such failure is not presumptively prejudicial and does not warrant automatic reversal. A defendant must show a real conflict of interest in order to obtain reversal. *Peyton v. Commonwealth,* Ky., 931 S.W.2d 451 (1996) is overruled. *Trulock v. Commonwealth,* Ky.App., 620 S.W.2d 329 (1981) is also overruled. In addition, we reinstate the rationale set out in *Smith, supra,* and *Conn, supra.* The rationale of *Smith,* had been subsequently upheld in *White v. Commonwealth,* Ky., 671 S.W.2d 241 (1984), and in *Commonwealth v. Holder,* Ky., 705 S.W.2d 907 (1986). *Accord Mishler v. Commonwealth,* Ky., 556 S.W.2d 676 (1977).

## II. Prosecutorial Misconduct (McKee)

McKee argues that he was entitled to a mistrial for four reasons, only one of which was presented to the trial judge by contemporaneous objection. A careful review of the record indicates that the trial judge properly overruled the motion for a mistrial based on the claim of prosecutorial misconduct. In order to grant a mistrial,

there must appear in the record a manifest necessity for such action. *Turpin v. Commonwealth*, Ky., 780 S.W.2d 619 (1989). No such manifest necessity is demonstrated by the record in this case. For the purpose of appellate review, the trial judge is always recognized as the person best situated to properly evaluate the circumstances as to when a mistrial is required. There is no evidence of any attempt by the prosecution to mislead the jury and no indication that the jury was in fact misled. The conduct of the prosecutor was not so serious as to render the entire trial fundamentally unfair. *Cf. Partin v. Commonwealth*, Ky., 918 S.W.2d 219 (1996). There was no prosecutorial misconduct of any kind, and no error occurred.

### III. Attempted Robbery Instruction (McKee)

■ The trial judge properly determined that no attempted robbery instruction was necessary under the evidence presented at trial. Kirkland testified in his own defense and admitted that he and McKee entered the store in order to take the money from the owner. McKee related a similar story to police, although he did not testify at trial. All the evidence indicates that McKee and Kirkland entered the store with a gun in order to steal money from the victim. The robbery was accomplished at that point. There was no evidence of any "attempt." Under the totality of the evidence, there was no basis for an attempt instruction. *Commonwealth v. Collins*, Ky., 821 S.W.2d 488 (1991).

### IV. Directed Verdict (Kirkland)

■ The trial judge did not err when she refused to direct a verdict of acquittal on the charges of first-degree robbery and murder. Kirkland testified that it was his intent to rob the owner of the liquor store and that he went into the store with a gun drawn so that the owner would know immediately that they wanted money. There was sufficient evidence to indicate that Kirkland was engaged in the act of committing a theft when he shot the victim. Whether Kirkland committed the theft or fled is not critical. *Wade v. Commonwealth*, Ky., 724 S.W.2d 207 (1986).

■ There was sufficient evidence to submit the charge of murder to the jury. Kirkland admitted that the gun was fired when he brought it up to point it at the owner. Although Kirkland claims that he did not intend to kill the victim, the question of fact is squarely within the purview of the jury to determine the credibility of the evidence and the testimony of the accused.

### V. Mitigation Expert (Kirkland)

■ Kirkland presented by avowal, the testimony of a licensed clinical social worker as to a report she had prepared for him. The trial judge did not err by excluding the expert testimony that Kirkland could be rehabilitated in an institutional setting. The trial judge correctly ruled that the testimony was not admissible because of the hearsay and because the witness was not qualified to give an opinion. Expert opinion evidence is admissible so long as a witness is qualified to render an opinion on the subject matter. This witness had no experience with corrections or with adult offenders. The last 17 years of her working experience had been with families, adolescents and people who needed to be reemployed. Kirkland was not seeking reemployment. He had been tried as an adult offender and was more than 18 years of age at the time of the trial. The social worker could state no experience which qualified her to express an opinion as to his prospects for ultimate rehabilitation in an adult facility. The

proffered testimony was full of gratuitous hearsay which, of course, was not subject to cross-examination. Self-serving hearsay is properly excluded when there is no independent evidence of its existence. The anecdotal hearsay evidence and opinion proffered was not otherwise substantiated by any other witness. There was no error. *Cf. Sanborn v. Commonwealth*, Ky., 892 S.W.2d 542 (1994). Here, Kirkland specifically declined to use a limited report based on records reviewed.

The judgment of conviction as to McKee and the judgment of conviction as to Kirkland are both affirmed.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE and KELLER, JJ., concur.

STUMBO J., dissents by separate opinion.

STUMBO, Justice, dissenting.

Respectfully, I must dissent from Section III of the Court's opinion. The majority states that a robbery was accomplished solely by "McKee and Kirkland enter[ing] the store with a gun in order to steal money from the victim," and, as such, holds that the trial court was correct in refusing a criminal attempt instruction with respect to McKee. Since a robbery was committed, says the majority, there is no evidence of attempt. I believe this logic is flawed, and the trial court should have allowed an instruction for McKee. As we stated in *Taylor v. Commonwealth*, Ky., 995 S.W.2d 355 (1999):

> In a criminal case, it is the duty of the trial judge to prepare and give instructions on the whole law of the case, and this rule requires instructions applicable to every state of the case deducible or supported to any extent by the testimony. A defendant has a right to have every issue of fact raised by the evidence and material to his defense sub-

mitted to the jury on proper instructions. (citations omitted).

*Id.* at 360.

I believe the evidence of McKee's involvement in the robbery was minimal, and therefore the jury could have reasonably believed that he was guilty merely of attempt. KRS 506.010 states that a person is guilty of criminal attempt "when he engages in conduct intended to aid another person to commit that crime, although the crime is not committed or attempted by the other person, provided that his conduct would establish complicity under KRS 502.020 if the crime were committed by the other person." KRS 506.010(3). Here no money was taken, so no theft occurred. However, in *Wade v. Commonwealth*, Ky., 724 S.W.2d 207, 208 (1986), we found that KRS 515.020, the robbery statute, does not require a completed theft to support a conviction. Regardless, the jury should have been given the opportunity to convict McKee of the lesser crime of attempt if they found that his behavior merely aided Kirkland, but did not actually rise to the level of robbery.

As a result, I would reverse McKee's conviction and remand for a new trial.