Christopher **DONATELLI**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

No. 2004–CA–000984–MR.

Court of Appeals of Kentucky.

Feb. 25, 2005.

Discretionary Review Denied by Supreme Court Nov. 16, 2005.

---

Darrell A. Cox, Covington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for Appellee.

Before SCHRODER, TAYLOR, and VANMETER, Judges.

## OPINION

**VANMETER, Judge.**

If a criminal defendant is represented by a lawyer who also represents a codefendant, that criminal defendant must be informed of the possible conflict of interest by the trial judge and must sign a waiver of the possible conflict.[1] The failure to do so, however, does not necessitate reversal, but requires a defendant to demonstrate an actual conflict of interests. In this case, we hold that the defendant, Christopher Donatelli, has failed to do so, and we therefore affirm.

The facts of this case are relatively straightforward. On November 6, 2003, Donatelli and three other individuals, Gerding, Knox, and Howard, were arrested after hours on the premises of a junkyard. All four were charged with theft by unlawful taking over $300[2] and possession of burglar's tools.[3] In addition, Donatelli was charged with persistent felony offender (PFO) first degree.[4] One public defender was appointed to represent Donatelli, Gerding and Knox. The fourth codefendant, Howard, retained separate counsel. Prior to Donatelli's and Gerding's March 29, 2004 trial, Knox pled guilty to felony theft, and Howard pled guilty to misdemeanor theft. At trial, all four testified consistently that Knox and Howard had removed all the stolen parts from the cars at the junkyard, and that Donatelli and Gerding were just tagging along and did not participate in the theft. The jury convicted Donatelli of both felony theft and possession of burglar's tools, and he entered a guilty plea to PFO first degree. On May 5, 2004, Donatelli was sentenced to five years for theft by unlawful taking over $300, enhanced to ten years by PFO first degree, and one year for possession of burglar's tools, with the sentence running concurrent.[5] This appeal follows.

The sole issue advanced by Donatelli on this appeal is that the failure of the trial

---

1. RCr 8.30(1).

2. KRS 514.030.

3. KRS 511.050.

4. KRS 532.080.

5. By Order entered May 17, 2004, the Campbell Circuit Court dismissed with prejudice the misdemeanor charge of Possession of Burglar's Tools.

court to comply with the requirements of RCr 8.30(1) necessitates reversal of his conviction.[6] This rule provides:

> If the crime of which the defendant is charged is punishable by a fine of more than $500, or by confinement, no attorney shall be permitted at any stage of the proceedings to act as counsel for the defendant while at the same time engaged as counsel for another person or persons accused of the same offense or of offenses arising out of the same incident or series of related incidents unless (a) the judge of the court in which the proceeding is being held explains to the defendant or defendants the possibility of a conflict of interests on the part of the attorney in that what may be or seem to be in the best interests of one client may not be in the best interests of another, and (b) each defendant in the proceeding executes and causes to be entered in the record a statement that the possibility of a conflict of interests on the part of the attorney has been explained to the defendant by the court and that the defendant nevertheless desires to be represented by the same attorney.

In this case, the record contains no indication that the requirements of this rule were followed. However, in *Kirkland v. Commonwealth,*[7] the Kentucky Supreme Court held that the failure of a circuit court to comply with the requirements of RCr 8.30(1) is "not presumptively prejudicial and does not warrant automatic reversal. A defendant must show a real conflict of interest in order to obtain reversal."[8]

Donatelli argues that the holding of *Kirkland* should be limited to its facts, in that *Kirkland* involved codefendants who were represented by two separate public defenders who worked out of the same office. His argument is that factually this case is similar to *Peyton v. Commonwealth,*[9] in which the Kentucky Supreme Court adopted a "bright-line" rule by which the failure to comply with RCr 8.30(1) was "presumptively prejudicial."[10] The problem with Donatelli's otherwise persuasive argument is that while the Kentucky Supreme Court in *Kirkland* initially seemed to make a factual distinction between *Peyton* and *Kirkland,* it ultimately and unequivocally held that *Peyton v. Commonwealth* and *Trulock v. Commonwealth*[11] are overruled.[12] Further, it reinstated the decisions of *Smith v. Commonwealth*[13] and *Conn v. Commonwealth.*[14] Since these latter two cases involved codefendants who, similar to Donatelli, were represented by one lawyer, we conclude that the court in *Kirkland* did not intend its holding to be limited factually, but instead intended to reinstate a case-by-case analysis, such that a violation of RCr 8.30 "which does not result in any prejudice to the defendant, should not mandate automatic reversal."[15]

---

6. The Commonwealth argues that Donatelli failed to preserve this issue for review. Authority exists, however, that a defendant may raise the issue on appeal for the first time. *See Commonwealth v. Holder,* 705 S.W.2d 907, 909 (Ky.1986).

7. 53 S.W.3d 71 (Ky.2001).

8. *Id.* at 75.

9. 931 S.W.2d 451 (Ky.1996).

10. *Id.* at 453.

11. 620 S.W.2d 329 (Ky.App.1981).

12. 53 S.W.3d at 75.

13. 669 S.W.2d 527 (Ky.1984).

14. 791 S.W.2d 723 (Ky.1990).

15. 53 S.W.3d at 75.

Here, the record discloses that two of Donatelli's codefendants, Knox and Harding, accepted responsibility for the crime, pled guilty, and testified that Donatelli and the remaining codefendant, Gerding, did not participate. Donatelli's trial counsel at no point advised the circuit court that he had a conflict. Donatelli advances no argument as to any manner in which he was prejudiced. The jury simply did not believe the testimony of the defendants. Although Donatelli speculates that a subsequently—sentenced codefendant might implicate him as a full participant in the crime, there is nothing in the record to show that such did or will occur. Instead, the record indicates that all of the codefendants testified consistently. As Donatelli has demonstrated no real conflict of interest, it follows that the failure of the trial court to comply with the requirements of RCr 8.30(1) was harmless error.

*Commonwealth v. Holder*[16] does not require a different result. In *Holder*, one of the three codefendants made out-of-court statements admitting guilt and implicating the other two, who maintained their innocence. The court found a "built-in conflict of interest" in such a situation.[17] That situation does not exist in the instant case however, as all four codefendants consistently maintained the same version of events, including that Donatelli and Gerding were not guilty.

The judgment of the Campbell Circuit Court is affirmed.

ALL CONCUR.

---

**16.** 705 S.W.2d 907 (Ky.1986).

**17.** *Id.* at 908.